### 1342.　BAKER *v.* HOOKS.

1. A discharge in bankruptcy may be a good defense against all debts of the bankrupt which were provable at the time of the adjudication in bankruptcy. But the probability that one who has retained title to a horse which has been sold by the purchaser to a third person under a warranty of title will retake the horse, and that thereby a breach of the warranty will result, is not a·provable debt within the meaning of the bankruptcy act.
2. One who warrants title is not relieved from his warranty by the suggestion of an ineffectual means of retaining possession against an impending attack, and an offer to pay attorney's fees to present a worthless defense thereto.
3. No error of law is assigned. The evidence authorized the verdict, and no reason appears why a new trial should have been granted.

Action for breach of warranty, from city court of Dublin—Judge Burch. June 22, 1908.

Submitted November 11, 1908.—Decided May 4, 1909

*Ira S. Chappell,* for plaintiff in error.

RUSSELL, J. Baker bought from Smith a horse, to which Smith retained title. This horse Baker swapped to Hooks for a certain roan horse. Baker filed an application in bankruptcy, and the horse he obtained from Hooks was taken possession of by the trustee in bankruptcy and sold as Baker's property. After Baker was adjudicated a bankrupt, Smith, by trover, recovered from Hooks the horse which had been sold to him by Baker; and Hooks thereupon brought suit against Baker and recovered $105

upon an alleged breach of warranty. Baker denied that he had warranted the title of the horse to Hooks, but the jury found in favor of Hooks' contention that Baker had warranted the title. Three reasons why a new trial should have been granted are urged by the plaintiff in error: First, that the evidence does not authorize the verdict rendered in favor of Hooks. Second, that Smith ratified Baker's action in substituting one horse for the other. Third, that if there was a breach of warranty of title, it was a provable debt and was discharged in bankruptcy.

1. We will consider these contentions in inverse order. Is the finding against Baker unauthorized by reason of the fact that he has been adjudicated a bankrupt? There can be no question that Baker's discharge, which appears in the record, would be a good defense as against all provable debts; and for this reason it is insisted that the breach of warranty, if any existed, should relate back to the original transaction, which antedated Baker's discharge and even his petition in bankruptcy. However, was Hooks's claim upon the breach of warranty ever a provable debt until Smith succeeded by trover in depriving Hooks of the horse? We think not; and for this reason we are of the opinion that the breach of warranty can not relate back to the original transaction, because it only had its birth after it was ascertained by Smith's assertion of his title that the warranty had failed. Till then it was a mere contingent liability, and not a provable debt. If Smith had not recovered the horse by trover and taken it from Hooks's possession, there would have been no breach of warranty; and at the time that Baker was adjudicated a bankrupt, who could have said that Smith would assert his title to the horse which he had retained? It is true that Smith could do so, but it was not certain that he would do so, and until he had done so and Hooks had thus lost possession of the horse there could certainly be no provable debt. The breach of the warranty having arisen after the adjudication in bankruptcy, the plea of bankruptcy presented no defense and was properly overruled in the verdict of the jury.

2. One who retains title to a given piece of personal property may release his claim of title, and may ratify the act of another in substituting one piece of property for another. In the latter event, however, no substitution can result except upon the consent of all parties at interest. But even if it were possible for Smith

to have consented for Baker to substitute a horse which was not included or mentioned in the note in which the title was reserved (and this would not be possible), nevertheless the contention of the plaintiff in error, that Smith was estopped from setting up title to the horse sold by Baker to Hooks because he bought the substituted horse at the bankrupt sale, and that therefore Hooks had a good defense to the trover suit brought by Smith, is not sustained by the evidence, nor is Smith a party to this proceeding.

A contention of the plaintiff in error is, that Baker notified Hooks that Smith had agreed to the substitution of the horse obtained from Hooks by Baker for the horse sold by Smith to Baker; that he had bid in the horse scheduled by Baker in his application for bankruptcy, and this presented a good defense to Smith's action of trover; and that inasmuch as Hooks failed to make any defense in the trover proceeding, he is estopped from asserting any claim upon the breach of warranty. Aside from the point to which we have alluded, that Smith is not a party to the present action, the contention of the plaintiff in error was adjudged adversely to him by the jury; and the finding of the jury is supported by the positive testimony of Smith, who testified that he never released his claim of title to the horse he had sold to Baker, and when he bought the horse which Baker had obtained from Hooks at the sale of Baker's bankrupt estate, he did so merely as an ordinary buyer seeking a bargain, without any claim of title in the horse, and paid the purchase-price of his bid.

3. The jury might have returned a verdict in favor of the plaintiff in error, but the verdict in favor of the defendant in error is amply supported by the evidence; and no reason appears why the trial judge should have granted a new trial, overruling the finding of the jury upon issuable facts. Baker testified, it is true, that he made no warranty of title to Hooks; but Hooks testified that he did. This is the turning point in the case, because it is uncontested that Smith had the title to the bay horse which Baker traded to Hooks, and that after Baker was adjudicated a bankrupt Smith recovered this horse from Hooks by trover. Hooks testified that Baker did not tell him that Smith held title to the horse. Baker testified that he did. This difference is immaterial, as, although Hooks was charged with constructive notice of the reservation of title which was recorded,

there is no reason why Baker could not still have warranted the title and have protected Hooks against loss by settling Smith's claim. The fact that Baker told Smith to defend the suit which Smith brought against him for the horse, and promised to pay the attorney's fees, is of no importance in the case; because, under Smith's testimony, he never having ratified Baker's sale of the horse, and never having claimed any interest in the animal which Baker received in lieu thereof, the defense suggested by Baker would have been fruitless; and the effect of the jury's finding was so to declare.          *Judgment affirmed.*